IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**MORROW EQUIPMENT
COMPANY, LLC**, a foreign Limited
Liability Company,

                Plaintiff,

     v.

**STONEBRIDGE, INC.**, a foreign
corporation

                Defendant.

Case No. 6:19-cv-01738-MC

OPINION AND ORDER

MCSHANE, Judge:

Plaintiff Morrow Equipment Company, LLC ("Morrow") filed this action against Defendant Stonebridge, Inc. ("Stonebridge"), alleging breach of contract stemming from an agreement both parties purportedly entered into in November 2018. Stonebridge moves to dismiss Morrow's claim pursuant to Fed. R. Civ. P. 12(b)(6), alleging that nothing in Morrow's pleadings states that Stonebridge ever entered into the lease agreement, and thus a contract was never formed. Based on the record here, Morrow has failed to state a claim for breach of contract. Stonebridge's Motion to Dismiss (ECF No. 7) is GRANTED. However, because Morrow may allege additional facts that might salvage its claim, the case is DISMISSED without prejudice and Morrow is granted leave to file an amended complaint within 30 days of this Opinion and Order.

1 – OPINION AND ORDER

## STANDARDS

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

While considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-moving party. *Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000). But the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless the court "determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## BACKGROUND

Morrow is a Delaware company with its principal place of business here in Salem, Oregon. Pl.'s Compl. ¶ 1, ECF No. 1. Morrow leases commercial equipment out to companies like Stonebridge. Stonebridge is a foreign corporation based out of New Jersey. *Id.* ¶ 4. On November 26, 2018, both parties purportedly entered into Morrow's equipment lease agreement ("ELA"). *Id.* ¶ 5. The ELA is Morrow's standard form contract that set out the terms for the lease of one crane that Stonebridge needed for a construction project in New York City. Kiolbasa Decl. Ex. 1, at 1, ECF No. 8. As relevant here, one of the ELA provisions at issue is a clause that mandates a particular manner of acceptance. *Id.* The clause reads: "A deposit retained until project completion

2 – OPINION AND ORDER

equal to two (2) month's rent shall be paid upon acceptance of order." *Id.* Just below this provision there appears to be a waiver of the standard two month's rent deposit for one month's rent deposit for this particular agreement. *Id.*

The ELA states that Stonebridge will lease one crane from Morrow for a period of ten months at $74,000 per month. *Id.* The exact date this lease was supposed to begin is unclear but the ELA specified that rent begins at the time of shipment "but no later than two (2) weeks after Approximate Delivery Date." *Id.* The "Approximate Delivery Date" of the crane was set for May 1, 2019. *Id.* Both parties signed the ELA, but Stonebridge never paid the one month's rent deposit as required. *Id.* at 1–2.

Before the delivery of the crane, Stonebridge notified Morrow that it was not going through with the agreement because it did not need the crane any longer. Pl.'s Compl. ¶ 7. Morrow filed this suit , alleging that Stonebridge breached its contract by not paying for the rest of the lease. *Id.* ¶ 8.

## DISCUSSION

Stonebridge argues that the agreement merely represents an agreement to agree and is without binding effect since it never accepted the agreement in the manner required by the ELA. Def.'s Reply 2–3, ECF No. 14. Stonebridge also claims that the agreement is too indefinite since no firm delivery date was set by the parties. *Id.* at 3–5. If the Court does find the contract binding on the parties, Stonebridge argues that the liquidated damages clause set out in the cancellation provision is still unenforceable because it violates state and federal law. Def.'s Mot. 6–11, ECF No. 7.

The Court agrees with Stonebridge's first argument and finds that the parties never formed a binding contract. Oregon has adopted the Uniform Commercial Code for the leases of goods. Or.

Rev. Stat. Ann. § 72A.1010. Oregon statutory law enumerates the requirements for a valid offer and acceptance for such leases. Or. Rev. Stat. Ann. § 72A.2060. If the method of acceptance is clearly indicated in a lease agreement, that method must be complied with. Or. Rev. Stat. Ann. § 72A.2060(1) ("Unless otherwise *unambiguously* indicated by the language or circumstances, an offer to make a lease contract must be construed as inviting acceptance in any manner and by any medium reasonable in the circumstances.") (emphasis added).

Whether a certain contractual provision is ambiguous is a legal question for the Court to decide. *Mann v. Wetter*, 100 Or. App. 184, 188 (1990). And "[t]he 'mere fact' that the parties to a contract present competing interpretations of a particular provision of that agreement 'does not compel a conclusion of ambiguity.'" *Alexander Loop, LLC v. City of Eugene*, 297 Or. App. 775, 783 (2019) (quoting *Manley v. City of Coburg*, 282 Or. App. 834, 839 (2016)). The Court will first determine whether a disputed provision is ambiguous by analyzing the term in the context of the agreement as a whole. *Yogman v. Parrott*, 325 Or. 358, 361 (1997). In deciding that contractual terms are unambiguous at this step, courts have paid special attention to terms of art unique to a given field of law. *Apeldyn Corp. v. Eidos, LLC*, 943 F. Supp. 2d 1145, 1150-51 (D. Or. 2013) (stating that the terms "[c]laims of a patent" and "invalidation" are unique to patent law and inform the court that these terms make the clause operate in an unambiguous manner).

Here, the Court holds that the acceptance clause of the ELA required Stonebridge to pay a deposit before the contract became binding. The Court finds that this method of acceptance was unambiguously reflected not only by the boilerplate provision of two month's rent deposit on the face of the ELA, but also because Morrow kept such a deposit requirement when it tailored the deposit down to one month's rent.

"An offer to form a contract may limit acceptance in any way." *Reedsport Sch. Dist. No. 105 v. Gulf Ins. Co.*, 210 Or. App. 679, 685 (2007) (citing *Cochran v. Connell*, 53 Or. App. 933, 937 (1981)). Further, "the provisions of an offer as to the place and manner of acceptance must be complied with." *Pac. Photocopy, Inc. v. Canon U.S.A. Inc.*, 57 Or. App. 752, 758-59 (1982) (citing *Hogan v. Alum. Lock. Shingle Corp.*, 214 Or. 218 (1958)). Because Morrow could limit the mode of acceptance, which included a required deposit payment, and Stonebridge never complied with the stated mode of acceptance, the parties never formed a valid contract.

In a similar case, the Sixth Circuit analyzed whether two parties had formed a contract for the purchase of steel tubing. *Union Pipe & Mach., Ltd. v. Luria Steel & Trading Corp.*, 225 F.2d 829, 830–34 (6th Cir. 1955). The district court had determined that a contract was formed when an agent for the buying party sent a telegram to the seller stating "Am Buying Tubes. Will Call Tomorrow Morning." *Id.* at 833. But the Sixth Circuit reversed the district court's decision after considering witness testimony alleging that the seller required a deposit if purchase was to be made. *Id.* at 834 ("Since the required deposit was not sent at the time of the telegram, there was no acceptance of any offer." (citation omitted)). Likewise, because Stonebridge never sent the required deposit when signing the ELA, "there was no acceptance of any offer." *Id.*

That said, leave to amend should be granted unless the Court "determines that the pleading could not possibly be cured by the allegation of other facts." *Doe*, 58 F.3d at 497. The Court allowed the parties to submit supplemental briefing after oral argument. ECF No. 19. As part of its supplemental filing, Morrow included a declaration with additional factual allegations that may salvage their claim. *See* Supp. of Authority, Decl. of John Morrow, ECF No. 21. Because Morrow can possibly cure its pleading by the allegation of other facts, the Court grants Morrow leave to file an amended complaint within 30 days of this Opinion and Order.

## CONCLUSION

Based on these reasons, Stonebridge's Motion to Dismiss (ECF No. 7) is GRANTED and the case is DISMISSED without prejudice. Morrow is granted leave to file an amended complaint within 30 days of this Opinion and Order.

IT IS SO ORDERED.

DATED this 27th day of April, 2020.

                   ___*s/Michael J. McShane*_____
                          Michael McShane
                   United States District Judge