IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MORROW EQUIPMENT COMPANY, LLC,
Foreign Limited Liability Company,

              Plaintiff,

    v.

STONEBRIDGE, INC., a foreign corporation,

              Defendant.

_____

Case No. 6:19-cv-1738-MC

OPINION AND ORDER

MCSHANE, Judge:

Plaintiff Morrow Equipment Company LLC brought a claim for breach of contract under an Equipment Lease Agreement.[1] Defendant Stonebridge's first motion to dismiss, ECF No. 7, was granted, but the Court also granted leave for Plaintiff to amend their complaint. Op. and Order, ECF No. 22. Plaintiff's Amended Complaint alleged that an implied contract existed between the parties because of prior interactions. ECF No. 23. Defendant then moved to dismiss the amended complaint. Mot. to Dismiss, ECF No. 24. The Court granted Defendant's motion and dismissed Plaintiff's Amended Complaint with prejudice. Op. and Order, ECF No. 29; J., ECF No. 30. The Court also granted Defendant's request for attorney fees and costs. J., ECF No. 30.

Plaintiff concedes that Defendant is entitled to attorney fees, but objects to the amount requested. *See* Pl.'s Resp. to Def.'s Mot. for Att'y Fees 1–4, ECF No. 37. Plaintiff specifically objects to the hourly rates charged by Defendant's counsel, the time spent on the initial Motion to

_____

[1] Defendant removed this action to federal court. ECF No. 1.

1 – OPINION AND ORDER

Dismiss, and the time spent on an Offer of Judgment. *Id.* at 2–3. Defendant seeks $51,270.50 in attorney fees and $400.00 in costs. Def.'s Mot. for Att'y Fees, ECF No. 35.

The Ninth Circuit applies the "lodestar" method for calculating attorney fees. *Fischer v. SJB–P. D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). That calculation multiplies a reasonable hourly rate by the number of hours reasonably expended in the litigation. *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). A "strong presumption" exists that the lodestar figure represents a "reasonable fee," and it should therefore only be enhanced or reduced in "rare and exceptional cases." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986). Ordinarily, the Court decides whether to enhance or reduce the lodestar figure by evaluating a set of factors. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008).

Prevailing market rates are those that the local legal market would pay for a case of this nature to a lawyer of comparable skill, experience, and reputation to a plaintiff's counsel of record. *Blum v. Stenson,* 465 U.S. 886, 897 (1984). Thus, this District uses the Oregon State Bar 2017 Economic Survey ("OSB Economic Survey") as the initial benchmark when reviewing fee petitions.[2]

Beginning with Plaintiff's first objection, the Court disagrees with Plaintiff's argument that Brian Kiolbasa and Pilar French's rates were unreasonable. Ms. French has over 24 years' experience and Mr. Kiolbasa has over 13 years' experience. Def.'s Mot. for Att'y Fees 5. While the rates requested by Plaintiff are on the high end of the OSB Economic Survey, both Ms. French and Mr. Kiolbasa's requested rates have been awarded to similar attorneys appearing in this District. *See Standard Ins. Co. v. Estate of Keeler by & Through Bowles*, No. 03:18-CV-00494-

---

[2] The economic survey is available at https://www.osbar.org/_docs/resources/Econsurveys/17EconomicSurvey.pdf.

AC, 2018 WL 3978963, at *3 (D. Or. Aug. 20, 2018); *Biotronik, Inc. v. Ronald Fry & Denovo Med., Inc.*, No. 3:20-CV-00094-MO, 2020 WL 7048269, at *3 (D. Or. Dec. 1, 2020). Based on this alone, the Court finds that the rates requested by Ms. French and Mr. Kiolbasa are reasonable.

Plaintiff next objects to the amount of hours Defendant's spent on their initial motion to dismiss. Plaintiff argues Defendant spent excessive time researching the liquidated clause argument that this Court spent little time considering. Pl.'s Resp. to Def.'s Mot. for Att'y Fees 3. After reviewing Defendant's time sheets, the Court partially agrees. While Plaintiff requests a reduction of 46.9 hours, this number is misplaced because several of the identified time entries do not accurately reflect "time spent by Defendant on briefing its motion on the grounds of liquidated damages[.]" *Id.* Instead, upon review, the Court identifies seven specific time entries solely focused on the liquidated damages argument that total 10.3 hours, which the Court accordingly removes from Defendant's fee request.[3]

Plaintiff's final objection is to Defendant's claim that they needed four hours to draft and submit an Offer of Judgment, and instead argue that only one hour was necessary. *Id.* The Court disagrees. As Defendant notes, they proffered the Offer of Judgment to end this litigation. Def's Reply 5, ECF No. 40. But Plaintiff rejected that offer, instead choosing to continue litigating this case, which lead to increased expenses for both parties. Not only would it be unreasonable for the Court to punish Defendant's attempts at resolving this case, but Defendant also worked diligently. Defendant spent time, "analyzing the interplay between state and federal offers of judgment . . ., calculating the appropriate offer . . ., consulting Stonebridge to discuss strategy and obtain approval . . ., and related tasks including submitting the offer to opposing counsel." *Id.* Upon

---

[3] These are the entries highlighted by Plaintiff for Ms. French on November 15, 2019, for Mr. Kiolbasa on October 31, 2019, November 21, 2019, November 25, 2019, November 27, 2019, December 2, 2019, and for Peter Fisk on November 12, 2019. *See* ECF No. 37, Ex. 1.

3 – OPINION AND ORDER

review, none of these time entries are excessive and thus the Court finds that Defendant is entitled

fees associated with preparing and submitting the Offer of Judgment.

Defendant's motion for fees, ECF No. 35, is GRANTED in part.[4] Defendant is awarded

$47,068.15 in attorney fees. Defendant is also entitled to costs as the prevailing party in the amount

of $400 in filing fees. ECF No. 35.


IT IS SO ORDERED.

DATED this 9th day of June, 2021.

_____/s/ Michael McShane_____
Michael McShane
United States District Judge

---

[4] The Court provides the following table showing an accurate summary of fees based on this opinion.

| Timekeeper | Hours | Fees | Rate |
|---|---|---|---|
| Pilar French | 18.6 | $ 9,495.30 | $ 510.50 |
| Brian Kiolbasa | 89.2 | $ 36,069.85 | $ 404.37 |
| Peter Fisk | 3.6 | $ 1,224.00 | $ 340.00 |
| Diana Barker | .2 | $ 59.00 | $ 295.00 |
| Emily Lundeen | 1 | $ 220.00 | $ 220.00 |

4 – OPINION AND ORDER